# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM JEFFREY BARNHARDT, d/b/a U.S. 1 Speedway Food Mart, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:13CV637 |
| SCOTTSDALE INSURANCE CO., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant's Motion for a More Definite Statement and Motion to Stay Further Proceedings in the Interim (Docket Entry 9). For the reasons that follow, the Court will deny the instant Motions.[1]

## BACKGROUND

Plaintiff's Complaint asserts a claim for breach of contract and seeks a declaratory judgment of Plaintiff's rights under an insurance policy issued by Defendant. (Docket Entry 4 at 3.) Plaintiff alleges that he owns the insured property U.S. 1 Speedway

---

[1] The undersigned United States Magistrate Judge will issue an Order because motions of this sort do not appear in the list of pretrial matters which require submission of a recommendation. See 28 U.S.C. § 636(b)(1)(A) and (B); see also Lovell v. United Airlines, Inc., 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) ("Motions to stay are non-dispositive motions . . . ."); Lynch v. McDonough, No. 03CV556A(F), 2005 WL 1561454, at *1 n.1 (W.D.N.Y. July 1, 2005) (unpublished) (ruling that "request for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is nondispositive").

Food Mart (Docket Entry 4 at 2) and leased the same property to Omar Hussein on January 11, 2012 (Docket Entry 11 at 2).  On February 15, 2012, Mr. Hussein signed an insurance application for coverage with Defendant on behalf of U.S. 1 Speedway Food Mart, which listed Plaintiff as "Mortgage[e]s/Additional Insureds/Loss Payees," and Defendant issued the policy.  (Id.; see also Docket Entry 10 at 2.)  A fire occurred at the property on September 24, 2010.  (Docket Entry 4 at 2; see also Docket Entry 10 at 2.)  Shortly after, Mr. Hussein allegedly left the country, gave Plaintiff written permission to handle any claims on his behalf, and remained unavailable for an examination by Defendant pursuant to the policy.  (Docket Entry 11 at 5; see also Docket Entry 10 at 2.)

The Complaint alleges that "[P]laintiff owned the U.S. 1 Speedway Food Mart, and as such he was a beneficiary of [] [D]efendant's coverage under the above-referenced policy."  (Docket Entry 4 at 2.)  It seeks recovery under the policy for damage to the property's "improvements, equipment, and inventory therein."  (Id.)  Defendant thereafter filed the instant Motions, contending that

> [Defendant] is not certain if [Plaintiff] is seeking to recover for losses on behalf of (a) himself, William Jeffrey Barnhardt, individually, as owner of the property located at 2210 U.S. Highway 1 North (including recovery for damages to the building and equipment damaged during the fire), (b) "U.S. 1 Speedway Food Mart," the convenience store business being operated at the same address by Mr. Omar Houssein, who leased the premises

-2-

> from [Plaintiff] (including recovery for merchandise damaged during the fire), or (c) both [Plaintiff] and "U.S. 1 Speedway Food Mart."

(Docket Entry 9 at 2.) Further, Defendant asserts that Plaintiff cannot recover on his own behalf for damage to the building or any equipment because the policy did not name him as an insured. (Docket Entry 10 at 4-5; see also Docket Entry 9, Ex. E at 1-3 (denial letter from Defendant to Plaintiff dated June 21, 2013).) With respect to a claim on behalf of U.S. 1 Speedway Food Mart, Defendant alleges that Plaintiff's suit is premature because Mr. Hussein has not submitted to Defendant's examination under oath, a condition precedent under the policy. (Docket Entry 10 at 7.) Defendant further states that "the distinction as to on whose behalf Plaintiff is seeking to recover is critical to determining whether all conditions precedent to recovery have been met. If they have not, this matter should be dismissed or stayed pending Plaintiff's compliance with such conditions precedent." (Id.)

Plaintiff responded in opposition (Docket Entries 11, 17) and clarified that he does not seek any recovery for Mr. Hussein's lost inventory (Docket Entry 11 at 1), but only "for damage to the real property, including improvements thereon, and his equipment that was used in the business . . . [such that] [P]laintiff's claims herein are not contingent on [D]efendant's having obtained the statement of [P]laintiff's tenant (Hussein)" (id. at 6). Defendant replied. (Docket Entry 19.)

DISCUSSION

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, such motions "are not favored by the courts." SV Int'l, Inc. v. Fu Jian Quanyu Indus. Co., Ltd., 820 F. Supp. 2d 677, 693 (M.D.N.C. 2011) (quoting Innovative Digital Equip., Inc. v. Quantum Tech., Inc., 597 F. Supp. 983, 989 (N.D. Ohio 1984)). Thus, "[w]here a party has enough information to frame an adequate answer, a court should deny the Rule 12(e) motion and avoid delay in maturing the case." Doe v. Bayer Corp., 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005) (citing Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973)).

Moreover, a "Rule 12(e) motion should not be used simply to ascertain [a] plaintiff's legal theories." Schwable v. Coates, No. 3:05CV7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005) (unpublished) (quoting Bryson v. Bank of N.Y., 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984)). "There is a desire to prevent litigants from turning Rule 12(e) into a discovery substitute, and 'courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery.'" Doe, 367 F. Supp. 2d at 917 (quoting Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003)). For these reasons, "[i]f a defendant is uncertain about the scope of the plaintiff's legal theories, the proper response is

to serve contention interrogatories, not move for a more definite statement under Fed. R. Civ. P. 12(e) . . . ." Spacesaver Corp. v. Marvel Grp., Inc., 621 F. Supp. 2d 659, 662 (W.D. Wis. 2009).

In the instant case, Plaintiff's Complaint is not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response," Fed. R. Civ. P. 12(e). Defendant appears to object to Plaintiff's purported pursuit of multiple theories of relief under the policy. (See Docket Entry 9 at 2; Docket Entry 19 at 1-3.) However, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2); see also Bakery, Confectionery, Tobacco Workers & Grain Millers Int'l Union, Local No. 57 v. New Bakery Co. of Ohio, Inc., No. 2:08CV110, 2008 WL 2491673, at *2 (S.D. Ohio June 16, 2008) (unpublished) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1377 (4th ed. 2008)) ("'[A]ny attempt to use a motion for a more definite statement to tie the pleader down to a particular legal theory of his case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his case at the pleading stage.'"). Under this standard, any effort by Plaintiff at the pleading stage to recover in the alternative as either a named insured or on behalf of U.S. 1 Speedway Food Mart (see Docket Entry 17 at 4) appears permissible.

Moreover, Defendant's filings show how it intends to respond with respect to Plaintiff's multiple theories of relief. Specifically, Defendant asserts that

> [E]ven if Plaintiff does provide a more definite statement indicating that he is only making a claim under the Policy on behalf of himself as a listed mortgage holder, his claims nevertheless run concurrent to the claims of the Named Insured (U.S. 1 Speedway Food Mart), and would have to be stayed pending the completion of [Defendant's] investigation of the claims of the Named Insured, or even dismissed for failure to name an indispensable party to the litigation.

(Docket Entry 19 at 4-5.) Similarly, Defendant contends that the case cannot proceed on any claim brought on behalf of U.S. 1 Speedway Food Mart because Mr. Hussein has not submitted to an examination under oath. (Docket Entry 10 at 7.) The fact that Defendant has identified how it intends to respond to the requests for relief it has discerned in the Complaint indicates that Defendant "has enough information to frame an adequate answer," Doe, 367 F. Supp. 2d at 917. In sum, should Defendant wish to move to dismiss or otherwise respond to any of Plaintiff's claims, the Complaint is not "so vague or ambiguous," Fed. R. Civ. P. 12(e), as to prevent Defendant from doing so.

As a final matter, Defendant also requests that this Court stay any further proceedings in this case until Plaintiff has amended his pleadings to provide a more definite statement.

(Docket Entry 9 at 8.)  In light of the Court's denial of the request for a more definite statement, the Court also will deny a stay.

CONCLUSION

Defendant has failed to establish grounds for relief under Federal Rule of Civil Procedure 12(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for More Definite Statement and Motion to Stay Further Proceedings in the Interim (Docket Entry 9) are **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 4, 2013