IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


WILLIAM JEFFREY BARNHARDT,       )
d/b/a U.S. 1 Speedway            )
Food Mart,                       )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:13CV637
                                 )
SCOTTSDALE INSURANCE CO.,        )
                                 )
            Defendant.           )


**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendant's Motion to Dismiss for Failure to Join an Indispensable Party, or in the Alternative, Motion to Compel Joinder and to Stay Proceedings (Docket Entry 22). For the reasons that follow, the Court will deny the instant Motion.[1]

BACKGROUND

Plaintiff's Complaint asserts a claim for breach of contract and seeks a declaratory judgment of Plaintiff's rights under an insurance policy issued by Defendant. (Docket Entry 4 at 3.) Plaintiff alleges that he owns the insured property U.S. 1 Speedway Food Mart (id. at 2) and leased the same property to Omer Houssein on January 11, 2012 (Docket Entry 11 at 2 (citing Docket Entry 12

---

[1] The Parties have consented to the jurisdiction of a Magistrate Judge (see Docket Entry 27 at 1); therefore, the undersigned Magistrate Judge will enter an order in this matter. See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a).

at 1-4)). On February 15, 2012, Mr. Houssein signed an insurance application for coverage with Defendant on behalf of U.S. 1 Speedway Food Mart, which listed Plaintiff as "Mortgage[e]s/Additional Insureds/Loss Payees," and Defendant issued the policy. (Id.; see also Docket Entry 10 at 2.) A fire occurred at the property on September 24, 2012. (Docket Entry 4 at 2; see also Docket Entry 10 at 2.) Shortly after, Mr. Houssein allegedly left the country, gave Plaintiff written permission to handle any claims on his behalf, and has remained unavailable for an examination by Defendant pursuant to the policy. (Docket Entry 11 at 5; see also Docket Entry 10 at 2.)

The Complaint alleges that "[P]laintiff owned the U.S. 1 Speedway Food Mart, and as such he was a beneficiary of [] [D]efendant's coverage under the above-referenced policy." (Docket Entry 4 at 2.) It seeks recovery under the policy for damage to the property's "improvements, equipment, and inventory therein." (Id.) Defendant thereafter filed a Motion for More Definite Statement (Docket Entry 9), contending that

> [Defendant] is not certain if [Plaintiff] is seeking to recover for losses on behalf of (a) himself, William Jeffrey Barnhardt, individually, as owner of the property located at 2210 U.S. Highway 1 North (including recovery for damages to the building and equipment damaged during the fire), (b) 'U.S. 1 Speedway Food Mart,' the convenience store business being operated at the same address by Mr. Om[e]r Houssein, who leased the premises from [Plaintiff] (including recovery for merchandise damaged during the fire), or (c) both [Plaintiff] and 'U.S. 1 Speedway Food Mart.'

(Docket Entry 9 at 2.)  Plaintiff responded in opposition (Docket Entries 11, 17) and clarified that he does not seek any recovery for Mr. Houssein's lost inventory (Docket Entry 11 at 1), but only "for damage to the real property, including improvements thereon, and his equipment that was used in the business." (Id. at 6).  The Court denied Defendant's Motion for More Definite Statement. (Docket Entry 21 at 7.)

Defendant's instant Motion asserts that U.S. 1 Speedway Food Mart/Mr. Houssein represents a necessary party, without whose joinder Defendant "would face the substantial risk of incurring multiple or otherwise inconsistent obligations." (Docket Entry 23 at 6-7.)  It further alleges that "U.S. 1 Speedway Food Mart cannot properly be joined at this time, however, because [it] has not met all conditions precedent to suit," that is, Mr. Houssein has not submitted to an examination under oath. (See id. at 7.)  Defendant thus seeks to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b), or in the alternative, to compel Mr. Houssein's joinder under Federal Rule of Civil Procedure 19(a) and to stay the litigation until he submits to an examination under oath as the policy requires. (See id.)  Plaintiff responded in opposition, asserting his claim's independence from any claim Mr. Houssein might bring and, further, that "[Mr.] Houssein has shown no indication that he will ever make a claim under the policy." (Docket Entry 24 at 5-6.)  Defendant replied. (Docket Entry 26.)

DISCUSSION

Under Federal Rules of Civil Procedure 12(b)(7) and 19(b), a party may move to dismiss for failure to join an indispensable party. Fed. R. Civ. P. 12(b)(7) (citing Fed. R. Civ. P. 19). "Rule 19 sets out . . . . a two-step inquiry in which courts must first ask whether a party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a). If a party is necessary, it will be ordered into the action. When a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) (internal citations and quotation marks omitted).

However, "[d]ismissal for non-joinder is a remedy employed extremely reluctantly, 'only when the defect cannot be cured and serious prejudice or inefficiency will result.'" Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 517 (M.D.N.C. 2008) (Schroeder, J.) (quoting RPR & Assocs. v. O'Brien/Atkins Assocs., P.A., 921 F. Supp. 1457, 1463 (M.D.N.C. 1995)); see also 7 Wright & Miller, Federal Practice & Procedure § 1604 (3d ed.) ("[T]he philosophy of the present [R]ule [19] is to avoid dismissal whenever possible."). "In ruling on a motion to dismiss for failure to join an indispensable party, a court must accept as true the allegations of

the complaint . . . . [and] the moving defendant has the burden of showing that a party must be joined for just adjudication." Bridgetree v. Red F. Mktg., LLC, No. 3:10CV228-W, 2012 WL 896111, at *1 (W.D.N.C. Mar. 15, 2012) (unpublished) (internal citations omitted). "Although framed by the multi-factor tests of Rule 19(a) & (b), 'a decision whether to dismiss must be made pragmatically, in the context of the substance of each case, rather than by procedural formula.'" Teamsters Local Union No. 171 v. Keal Driveway Co., 173 F.3d 915, 18 (4th Cir. 1999) (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 n.16 (1968)).

As an initial matter, Defendant's instant Motion seeks dismissal for failure to join U.S. 1 Speedway Food Mart, which it describes as "the proprietorship operated by Om[e]r H[o]ussein." (Docket Entry 23 at 9.) However, the Complaint appears to assert that Plaintiff also has an interest in U.S. 1 Speedway Food Mart by styling the caption as "William Jeffrey Barnhardt, d/b/a U.S. 1 Speedway Food Mart" and asserting that, "at all times at issue, [] [P]laintiff owned the U.S. 1 Speedway Food Mart." (Docket Entry 4 at 1-2.) The filings made in connection with the instant Motion further reflect disagreement between the parties as to the nature and identity of U.S. 1 Speedway Food Mart, with Plaintiff asserting that "[b]ecause [U.S. 1 Speedway Food Mart] is only a 'd/b/a' for a business, and not a formally organized entity, the proper party

name is the individual and not the 'd/b/a[]' [and that] Defendant should be aware that [Mr.] Houssein . . . is the person it seeks to add." (Docket Entry 25 at 5.) Given that the Court must accept the Complaint's allegations as true in deciding the instant Motion, the Court will consider said Motion as seeking dismissal based on non-joinder of Mr. Houssein and will not address the question of Plaintiff's interest in U.S. Speedway 1 Food Mart at this juncture.

In the instant case, Defendant has not demonstrated that Mr. Houssein constitutes a necessary party requiring compelled joinder under Federal Rule of Civil Procedure 19(a). Defendant's instant Motion asserts that Federal Rule of Civil Procedure 19(a)(1)(B) requires joinder of Mr. Houssein to protect his interests and those of Defendant. (Docket Entry 23 at 8-11.)[2] A party must be joined under that Rule if:

> [T]hat person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). Defendant alleges that "permitting this case to proceed without [Mr. Houssein] would 'impair or

---

[2] Defendant does not argue that Mr. Houssein represents a necessary party under Rule 19(a)(1)(A). (See Docket Entry 22 at 1-5; Docket Entry 23 at 1-16; Docket Entry 26 at 1-12.)

impede' [Mr. Houssein's] ability, as a contracting party, to protect a claimed interest relating to the subject of the action." (Docket Entry 23 at 10.)

However, as Plaintiff has argued, Mr. Houssein, for whatever reason, does not appear to claim an interest in recovery under the policy. (See Docket Entry 25 at 6-7.) Rule 19(a) does not require joinder of an absent party with knowledge of the action who fails to claim an interest in its subject matter. See Fed. R. Civ. P. 19(a) ("A person . . . must be joined as a party if . . . <u>that person claims an interest</u> relating to the subject of the action . . . ." (emphasis added)); <u>American Gen. Life & Accident Ins. Co. v. Wood</u>, 429 F.3d 83, 93 (4th Cir. 2005) (affirming district court's determination that "[absent party] had not claimed an interest in the federal action, and therefore, joinder was not required under Rule 19(a)(2)"); <u>Davis Cos. v. Emerald Casino, Inc.</u>, 268 F.3d 477, 483-84 (7th Cir. 2001) (observing that "under Rule 19(a) it is the absent party that typically must claim such an interest" and citing with approval <u>United States v. Bowen</u>, 122 F.3d 682, 689 (9th Cir. 1999), for proposition that "[w]here absent party was aware of action and claimed no interest, district court did not err in finding joinder unnecessary"); <u>Peregrine Myanmar Ltd. v. Segal</u>, 89 F.3d 41, 49 (2d Cir. 1996) ("[Defendant's] attempt to assert on behalf of [the absent party] its supposed concern about the dilution of its interest . . . falls outside the language of the

-7-

rule."). Even according to Defendant's statement of the facts, Mr. Houssein apparently has knowledge of the fire, his rights under the policy, and his potential claim for lost inventory against Defendant under the policy. (See Docket Entry 23 at 2-3.) Nonetheless, Mr. Houssein has not formally filed a claim with Defendant or expressed any interest in joining this lawsuit (see Docket Entry 25 at 6-7; Docket Entry 26 at 4-5), despite Defendant's "good faith effort to locate" him (see Docket Entry 26 at 5 n.4).

Defendant contends that Mr. Houssein <u>has</u> asserted a claim, based on "Mr. Houssein sign[ing] a document authorizing [Plaintiff] to handle the claim on Houssein's behalf" on October 2, 2012 (id. at 4 (internal quotations and brackets omitted)), as well as Plaintiff's statement during Defendant's examination on January, 24, 2013, that "U.S. Speedway 1 is claiming inventory" (id. (quoting Docket Entry 16 at 129)). These events do not provide a sufficient indication that Mr. Houssein seeks recovery under the policy, particularly considering that Mr. Houssein has made no effort to involve himself in the ensuing months (see Docket Entry 4 at 1). That Mr. Houssein has proven unwilling to submit to an examination under oath (a condition precedent to any recovery under the policy), despite Defendant's reported efforts to find him (see Docket Entry 26 at 4-5 & n.4), further supports his disinterest in bringing a claim.

Defendant additionally asserts that, in the absence of Mr. Houssein, it "faces a substantial risk of multiple lawsuits with regard to the same coverage parts and the potential for inconsistent verdicts and/or combined verdicts in excess of the applicable limits regarding the same." (Docket Entry 23 at 9.) Defendant cites several cases in support of its contention that Federal Rule of Civil Procedure 19(a) requires joinder of either all parties to a contract or all claimants to a common fund. (See, e.g., Docket Entry 23 at 10 (citing Delta Fin. Corp. v. Paul D. Comanduras & Assocs., 973 F.2d 301, 305-06 (4th Cir. 1992) ("[I]n suits between parties to a contract seeking rescission of that contract, all parties to the contract, and others having a substantial interest in it, are necessary parties. The same principle applies to suits arising out of disputes between multiple claimants to a common fund; all such claimants must be joined if feasible." (internal citation omitted))), 12 (citing In re Torcise, 116 F.3d 860, 865 (11th Cir. 1997) ("[A]ll claimants to a fund must be joined to determine the disposition of that fund. However, findings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation." (internal citation omitted)))).

These cases do not mandate joinder of all persons with potential interests under a contract. For instance, in the Eleventh Circuit case cited by Defendant, the court upheld the

lower court's denial of joinder, "conclud[ing] that [the defendant's] claims of multiple exposure are purely speculative." Torcise, 116 F.3d at 866. Similarly, the cited Fourth Circuit case recognized that only persons making claims as to a common fund constituted necessary parties. Delta Fin., 973 F.2d at 305-06.

Defendant further cites several Fourth Circuit cases in support its contention that the Court should require Mr. Houssein's joinder to prevent Defendant from incurring multiple inconsistent obligations (see Docket Entry 23 at 11); however, each of Defendant's cited cases involved existing parallel proceedings in separate fora rather than hypothetical claimants, see Owens-Illinois, 186 F.3d at 438, 441 (avoiding inconsistent federal- and state-court judgments); Keal Driveway, 173 F. 3d at 918 (protecting prior judgment before joint grievance panel); Schlumberger Indus., Inc. v. National Sur. Corp., 36 F. 3d 1274, 1277, 1286-87 (4th Cir. 1994) (avoiding inconsistent federal- and state-court judgments). In this regard, Defendant's own supporting cases indicate that it must demonstrate both that Mr. Houssein represents an actual claimant to the policy and that Defendant faces a significant risk of multiple exposure.

In the instant matter, although some risk of inconsistent obligations may exist, said risk appears more speculative than substantial. As Defendant has noted, the policy suggests that a potential claim by Mr. Houssein for inventory could overlap with

Plaintiff's claims under the policy's Building and Personal Property Coverage, capped at $100,000. (See Docket Entry 9-7 at 12-13.) However, since filing his Complaint, Plaintiff has repeatedly stated that he does not intend to make any claim for inventory, whether on his own behalf or on behalf of Mr. Houssein. (See Docket Entry 11 at 1 ("[Plaintiff] is not asserting a claim for lost inventory in this action."); Docket Entry 25 at 4 ("The Complaint herein does not assert any claim for lost inventory, nor did it allege that [P]laintiff is pursuing Houssein's claims.").)

Nor has Defendant shown that the sum of Plaintiff's claim (for property, improvements, and equipment) and Mr. Houssein's potential claim (for inventory) exceeds the policy's Building and Personal Property coverage limit. Instead, Defendant makes the conclusory statement that "Plaintiff has generally asserted that he is entitled to recover under both of the 'Improvements and Betterments' and 'Business Personal Property' coverages, up to the policy limits for each," citing only to the policy itself for support rather than any statements by Plaintiff or reference to Plaintiff's submitted receipts. (See Docket Entry 26 at 5; see also Docket Entry 23 at 10.) Given that Defendant carries the burden to show the need for Mr. Houssein's involvement, such conclusory assertions do not suffice. Defendant has thus shown neither that a hypothetical claim by Mr. Houssein would duplicate

Plaintiff's claimed losses nor that Defendant's payment of both claims would exhaust the available funds under the policy.

As an additional matter, Defendant contends that Mr. Houssein represents a necessary and/or indispensable party because he holds evidence crucial to resolution of the dispute. (See Docket Entry 26 at 8-9.) Nonetheless, "Rule 19 . . . does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication." Johnson v. Smithsonian Inst., 189 F.3d 180, 188 (2d. Cir. 1999) (quoting Costello Publ'g Co. v. Rotelle, 670 F.2d 1035, 1044 (D.C. Cir. 1981)); see also Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir. 1983) ("We have found no cases which approve of the use of [R]ule 19 simply to allow greater discovery, and we can discern no policy which such an expansion of the [R]ule would promote."). Simply put, Defendant has not carried its burden to demonstrate that Mr. Houssein represents a necessary party requiring joinder.

Given the Court's conclusion that Mr. Houssein does not qualify as a necessary party, the Court need not reach the question of the feasibility of his joinder.[3] Furthermore, a party which

---

[3] Defendant contends that Mr. Houssein cannot be joined because he has not met all conditions precedent to the suit under North Carolina law as a result of his failure to submit to an examination under oath. (See Docket Entry 23 at 7.) Rule 19 considers joinder feasible for an absent party "who is subject to service of process and whose joinder will not deprive the court of (continued...)

does not constitute a necessary party does not constitute an indispensable party under Federal Rule of Civil Procedure 19(b). See Schlumberger Indus., 36 F. 3d at 1285-86 ("Only necessary persons can be indispensable, but not all necessary persons are indispensable."). Therefore, the Court need not address whether Mr. Houssein would qualify as an indispensable party under Federal Rule of Civil Procedure 19(b). See, e.g., Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000) ("If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)."); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 402 (3d Cir. 1993) ("If [absent party] is not a necessary party under Rule 19(a), we need not reach the question whether it is indispensable under Rule 19(b)."); Southern Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co., 190 F.R.D. 182, 189 (E.D. Va. 1999) ("[T]he analysis under Rule 19(b) begins and ends with a determination that [absent party] is not a necessary party."). In

---

[3](...continued)
subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1); see also EEOC v. Peabody W. Coal Co., 400 F.3d 774, 789 (9th Cir. 2005) ("Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." (citing Tick v. Cohen, 787 F.2d 1490, 1493 (11th Cir. 1987)). Defendant's alleged defect preventing Mr. Houssein's joinder - that Defendant would then move to stay or dismiss the claim because Mr. Houssein has not submitted to an examination under oath - does not appear to fit within the circumstances making joinder infeasible under Federal Rule of Civil Procedure 19.

sum, Defendant has neither shown that Mr. Houssein represents a necessary party requiring joinder nor an indispensable party whose non-joinder merits dismissal or stay of the litigation.

CONCLUSION

Defendant has failed to establish grounds for relief under Federal Rules of Civil Procedure 12(b)(7) and 19.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to Join an Indispensable Party and Motion to Compel Joinder and to Stay Proceedings (Docket Entry 22) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 9, 2013